UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MICHAEL A. MANNINO                                    CIVIL ACTION

VERSUS                                                NUMBER: 09-660-BAJ-SCR

SID J. GAUTREAUX, ET AL


**PLAINTIFF'S OBJECTION TO DEFENDANTS' STATEMENT
OF UNCONTESTED MATERIAL FACTS AND PLAINTIFF'S
<u>OWN STATEMENT OF DISPUTED MATERIAL FACTS</u>**

NOW INTO COURT, through undersigned counsel, comes the plaintiff, MICHAEL MANNINO, who moves this Honorable Court to deny the defendants' Rule 56 Motion for Summary Judgment as a genuine issue of material fact exists as to all the plaintiff's claims, save those conceded in the plaintiff's procedural history, for the reasons set forth in the plaintiff's Opposition to said Motion for Summary Judgment and for the reasons stated in this Statement of Disputed Material Facts.

I.

Paragraph 3 of the defendants' Statement of Uncontested Material Facts is disputed as it implies that the defendants, Lochridge, Major and Jones, identified themselves as deputies or law enforcement officers. In fact, the defendants refused to identify themselves, their authority and their purpose for remaining on the plaintiff's property; and the defendants were not there to arrest, serve

-1-

process or seize property.

II.

Paragraph 4 of the defendants' Statement of Uncontested Material Facts is disputed as it implies that the plaintiff knew the defendant was a deputy. The defendants refused to identify themselves, their authority and their purpose for being on the plaintiff's property; and they were not there to arrest anyone, serve process or seize property. The plaintiff had an absolute right under the circumstances to remain on his property.

III.

Paragraph 6 of the defendants' Statement of Uncontested Material Facts is disputed. The defendant, Major, never advised the plaintiff he was under arrest. The plaintiff never pulled away and pushed the defendant Major. The defendant, Major, initiated the assault on the plaintiff and was subsequently assisted in some form of take down of the plaintiff by the co-defendants, Lochridge and Jones. When this occurred the plaintiff was not resisting. In addition, the defendant, Major, had placed a cuff on the plaintiff's wrist prior to throwing the plaintiff to the ground.

IV.

Paragraph 7 of the defendants' Statement of Uncontested Material Facts is disputed. Prior to being issued a summons the plaintiff was arrested and placed in custody. He remained in custody under arrest at the scene and at the hospital until the defendant, Major, decided to release him and issue him a summons. The charges against the plaintiff were dismissed by the district attorney. He has no convictions. Mannino's acceptance into pre-trial diversion is not a conviction.

V.

The defendants' arrest and use of force on the plaintiff by a "straight arm bar take down maneuver" is not permissible and is unlawful unless the plaintiff resisted arrest pursuant to La.R.S. 14:108 or was in the process of committing a crime. Mannino was committing no crime when the defendant, Major, utilized this technique on him.

Respectfully submitted;

s/ GARY W. BIZAL
GARY W. BIZAL #1255
Attorney for plaintiff
**PIERCE & BIZAL**
639 Loyola Avenue, Suite 1820
New Orleans, Louisiana 70113
(504)525-1328 Telephone
(504)525-1353 Fax
piblaw@bellsouth.net

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 14, 2011 a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

s/GARY W. BIZAL
GARY W. BIZAL, #1255

-3-