UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL A. MANNINO

VERSUS

SID J. GAUTREAUX, IN HIS OFFICIAL
CAPACITY AS SHERIFF OF EAST
BATON ROUGE PARISH; JOSEPH
LOCHRIDGE, JARRELL NELSON,
EARNEST MAJOR and ERIC JONES,
INDIVIDUALLY AND IN THEIR OFFICIAL
CAPACITIES AS EAST BATON ROUGE
PARISH SHERIFF DEPUTIES

CIVIL ACTION

NO. 09-660-BAJ-SCR

**RULING**

This matter is before the Court on a motion by defendants, Sid Gautreaux, in his official capacity as Sheriff of East Baton Rouge Parish; Joseph Lochridge, Jarrell Nelson, Earnest Major, and Eric Jones, individually and in their official capacities as East Baton Rouge Parish Sheriff Deputies, for summary judgment (doc. 18). The motion is opposed (doc. 23). Jurisdiction is based on 28 U.S.C. §1331.

**FACTUAL BACKGROUND**

Plaintiff alleges that, on August 23, 2008, he, his son, and his grandson drove up to a residential property rented by plaintiff.[1] According to the complaint, they

---

[1] According to Dennis Mannino, he and plaintiff rent the property to house employees of a company owned by plaintiff and Dennis Mannino. (Deposition of Dennis Mannino, doc. 23-7, p. 3).

were immediately approached by defendant, Earnest Major, who, wearing street clothes and without identifying himself, told them to leave. Plaintiff alleges that his son told defendant, Major, that they owned the property, but Major, without identifying himself or explaining the situation, responded by saying "get back in your vehicle or I'll handcuff you" (doc. 1, p. 4).

The complaint alleges that plaintiff's son then approached the porch of the residence and defendant, Major, told plaintiff's son "that he was going to arrest him" (*Id.*). According to the complaint, plaintiff responded "[w]e have rights. We haven't done anything. This is our property." (*Id.*). Plaintiff alleges that defendant, Major, without stating that he was making an arrest, grabbed plaintiff and handcuffed one of his arms while "slamming him back-first onto the trunk of a vehicle" (*Id.*). According to plaintiff, defendants, Lochridge and Jones, then grabbed him, pulled him off of the vehicle, pulled his arms behind his back and "violently threw [him] down to the ground" (*Id.*). Plaintiff alleges that his shoulder was dislocated and he lost consciousness when his face struck the ground. (*Id.* at p. 5).

Plaintiff asserts that he did not violate any law or obstruct or resist the defendants during the incident, but the officers, nonetheless, committed assault and battery on him and falsely arrested him and charged him with resisting arrest and battery of an officer (*Id.* at pp. 5-6). Plaintiff also alleges that the officers "maliciously fabricated a claim that [plaintiff] interfered with a police investigation

2

and refused to leave the area" and falsely stated that plaintiff "forcefully tapped his right index finger" on Major's chest several times while saying "I will have Sid on your ass" (*Id.* at p. 7). Plaintiff further alleges that the officers conspired and "fabricated" claims that plaintiff said "[y]ou are not going to arrest me," that he resisted being handcuffed, and that he struck defendant, Major (*Id.* at p. 8). Plaintiff also asserts that Sheriff Gautreaux failed to "properly train, supervise, and discipline" the officers, and asserts that he knew or should have known of their violent propensities and previous misconduct (*Id.* at p. 9-10).

Plaintiff asserts that the above actions violated his First Amendment right to freedom of expression and speech, and his Fourth Amendment right to be free of unreasonable searches and seizures. Plaintiff also asserts state law claims of assault, battery, false arrest, and intentional infliction of emotional distress. Plaintiff further asserts claims against defendant, Sid Gautreaux, under state law pursuant to the doctrine of respondeat superior, and for negligence in hiring, training, and supervision of the other defendants. (*Id.* at pp. 11-12).

## LAW AND DISCUSSION

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(a).

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in her favor. *Coleman v. Houston Independent School District*, 113, F.3d 528 (5th Cir. 1997). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2411, 91 L.Ed.2d 202 (1986). The non-movant's burden, however, is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions or a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. V. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

In his opposition to the motion for summary judgment, plaintiff "concedes that there is no genuine issue of material facts as to the following claims: (1) Plaintiff's 42 U.S.C. § 1983 claim against Sid J. Gautreaux in his official capacity; (2) Plaintiff's state law negligence claims against Sid J. Gautreaux; (3) All of plaintiff's claims against the defendant, Nelson; and (4) Plaintiff's state law claim of intentional Infliction of Emotional Distress" (doc. 23, p. 1). Accordingly, summary

judgment shall be granted insofar as the pending motion seeks dismissal of those claims.

**Claims against Defendants, Major, Lochridge, and Jones**

Defendants assert that the incident occurred when plaintiff refused to leave the scene of an investigation despite warnings that he would be arrested. Defendants allege that plaintiff resisted arrest and that their actions were thus reasonable under the circumstances. Defendants also note that plaintiff admits not leaving the property despite direct orders to do so. They cite LSA–R.S. §14:108 which provides in pertinent part:

> Resisting an officer is the intentional interference with, opposition or resistance to, or obstruction of an individual acting in his official capacity and authorized by law to make a lawful arrest, lawful detention, or seizure of property . . . *when the offender knows or has reason to know* that the person arresting, detaining, seizing property, or serving process is acting in his official capacity.

LSA–R.S. §14:108(A) (emphasis added).

However, plaintiff has set forth the deposition of his son, Michael Mannino, Jr., who was present at the scene. The deponent states that the defendants were dressed in plain clothing, and as far as he can remember, no badges were visible and the defendants did not identify themselves even though he asked them who they were (Deposition of Michael Mannino, Jr., doc. 23-6, pp. 6-7). He also states

5

that he could see the incident clearly but did not witness his father "poking" a deputy in the chest (*Id.* at p. 9).[2]

Plaintiff has also set forth the deposition of his grandson, Bradley Mannino, who states that he arrived at the scene with plaintiff (Deposition of Bradley Mannino, doc. 23-7, p. 2). Bradley Mannino further states that he and his grandfather refused to leave the scene because "[w]e had no clue who they were or why they were there, so we didn't see the need to be forced off our own property . . ." (*Id.* at p. 3). He also states that plaintiff repeatedly asked defendants to identify themselves and asserts that plaintiff did not touch or poke any of the defendants (*Id.* at p. 4, 6). According to Bradley Mannino, plaintiff was talking "face-to-face" with defendant, Major, when Major "grabbed" plaintiff by the arm, turned him, the two of them fell onto the car, and then fell to the ground (*Id.* at p. 8). According to the deponent, the other officers then "got on top" of plaintiff, placed their knees in his back and placed him in handcuffs (*Id.* at 9). The deponent also stated that his grandfather was not resisting the officers at the time (*Id.*).

Based on the foregoing evidence, the Court concludes that a genuine dispute of fact exists as to whether it was reasonable for the officers to believe that plaintiff knew or should have known that the officers were acting in their official capacity as

---

[2] Plaintiff's counsel also asserts that Michael Mannino, Jr., denies that his father resisted arrest or pushed a defendant, but counsel does not direct the Court to any such statement in the deposition.

police officers at the time he refused to leave the property. The Court also finds that the foregoing evidence establishes genuine disputes of fact as to whether plaintiff resisted arrest and whether the force used to effect the arrest, under the circumstances, was reasonable or may have amounted to reckless and callous indifference to plaintiff's constitutional rights.[3] Because the foregoing statements directly contradict the statements of the officers regarding certain events, the Court also finds a genuine dispute of fact with regard to plaintiff's claim that the officers conspired to falsely claim that plaintiff committed a battery upon defendant, Major.

Accordingly, the motion shall be denied insofar as defendants seek dismissal of the remaining state law claims against the individual officers, the Section 1983 claim of a violation of plaintiff's constitutional right to be free of unreasonable seizures, and the claim for punitive damages asserted pursuant to Section 1983.

Plaintiff, however, has not set forth evidence to establish a genuine dispute of fact as to whether damages were in any way related to an exercise of his First Amendment right of freedom of expression and speech. Accordingly, the motion shall be granted insofar as defendants seek dismissal of the Section 1983 claim for a violation of plaintiff's First Amendment Right to freedom of expression and speech.

---

[3] Having concluded that a genuine issue of fact exists as to whether the officers acted with reckless and callous indifference to plaintiff's constitutional rights, the Court concludes that a genuine dispute of fact exists that precludes summary judgment for defendants on the defense of qualified immunity.

## Claims against Sheriff Sid Gautreaux in his Individual Capacity

Plaintiff alleges that Sheriff Gautreaux is liable in his individual capacity for his failure to "properly train, supervise, and discipline" the individual officers though he knew or should have known of their violent propensities and previous misconduct.

A supervisory officer may not be held liable under the doctrine of respondeat superior merely because a subordinate violated a plaintiff's constitutional rights. See, e.g., *Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999). A sheriff, however, be liable under Section 1983 for acts of subordinates if: (1) he failed to train or supervise the subordinate officer; (2) there is a causal connection between the alleged failure to supervise or train and the violation of plaintiff's constitutional rights; and (3) the failure to train or supervise constitutes deliberate indifference to the plaintiff's constitutional rights. *Brumfield v. Hollins*, 551 F.3d 322, 329 (5th Cir. 2008). Proof of a single instance, rather than a pattern of similar violations, normally will not sustain a plaintiff's claim that a lack of training or supervision causes a violation of his constitutional rights. *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 1991). "In this specific context, a showing of deliberate indifference generally requires "a showing 'of more than a single instance of the lack or training or supervision causing a violation of constitutional rights.'" *Brumfield*, 551 F.3d at 329 (quoting, *Thompson*, 245 F.3d at 459). "[A] plaintiff [must]

8

demonstrate 'at least a pattern of similar violations' arising from training or supervising 'that is so clearly inadequate as to be obviously likely to result in a constitutional violation.'" *Id.* (quoting *Thompson,* 245 F.3d at 459). "A limited exception for single-incident liability exists only 'where the facts giving rise to the violation are such that it should have been apparent to the policymaker that a constitutional violation was the highly predictable consequence of a particular policy or failure to train.'" *Id.* (quoting, *Thompson*, 245 F.3d at 372).

Plaintiff has not directed the Court to, and the Court has not found in the record, any evidence to establish a genuine dispute of fact as to whether defendant, Sid Gautreaux, failed to properly train, supervise, or discipline the officers or that the failure to train, supervise, or discipline amounts to deliberate indifference. Accordingly, the motion for summary judgment shall be granted insofar as defendants seek dismissal of the Section 1983 claim against defendant, Gautreaux, for failure to properly train, supervise or discipline the individual officers.

The Court also notes that plaintiff has set forth no evidence or argument to meet his burden on summary judgment to establish a genuine dispute of fact regarding other claims asserted against Sheriff Gautreaux under any theory other than *respondeat superior* liability. "Inadequately briefed issues are deemed abandoned." *United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006).

Accordingly, except for state law claims based on the doctrine of *respondeat superior*, all claims asserted against defendant, Sid Gautreaux, shall be dismissed.

## CONCLUSION

For all of the foregoing reasons:

The motion by defendants for summary judgment is **DENIED** insofar as defendants seek dismissal of state law claims asserted against defendant, Sid Gautreaux, under the doctrine of *respondeat superior*, and **GRANTED** insofar as the motion seeks dismissal of all other claims asserted against defendant, Sid Gautreaux.

The motion by defendants for summary judgment is **DENIED** insofar as defendants seek dismissal of claims asserted against defendants, Earnest Major, Joseph Lochridge, and Eric Jones, pursuant to 42 U.S.C. § 1983 for violation of his Fourth and Fourteenth Amendment right to be free of improper seizures, including the claim for punitive damages, and insofar as defendants seek dismissal of state law claims of assault, battery, false arrest, and conspiracy. The motion is **GRANTED** insofar as defendants seek dismissal of all claims asserted against defendant, Jarrell Nelson, and insofar as defendants seek dismissal of claims asserted against defendants Earnest Major, Joseph Lochridge, and Eric Jones, pursuant to 42 U.S.C. § 1983 for violation of his First Amendment right to freedom

of expression and free speech and insofar as defendants seek dismissal of the state law claim of intentional infliction of emotional distress.

Accordingly, **IT IS ORDERED** that all claims in this matter are hereby dismissed except for:

1. Claims asserted against defendants, Earnest Major, Eric Jones, and Joseph Lochridge pursuant to 42 U.S.C. § 1983 for alleged violation of plaintiff's Fourth and Fourteenth Amendment rights to be free of unreasonable seizures– including plaintiff's claim that, under the circumstances:
    a. the seizure of his person was unreasonable per se, and
    b. the seizure, as performed, was unreasonable due to the degree of force used;

2. Claims asserted for punitive damages based upon the foregoing;

3. Claims asserted against defendants, Earnest Major, Eric Jones, and Joseph Lochridge pursuant to state law for alleged torts of assault, battery, false arrest, and conspiracy; and

4. Claims asserted against defendant, Sid Gautreaux, pursuant to state law under the doctrine of *respondeat superior*.

Baton Rouge, Louisiana, October 27, 2011.

BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA